UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS MORALES,<br><br>                    Petitioner,<br><br>          vs.<br><br>WILLIAM LAPE,[1] Superintendent,<br>Coxsackie Correctional Facility,<br><br>                    Respondent. | No. 9:07-cv-00806-JKS<br><br>MEMORANDUM DECISION |

    Petitioner Luis Morales, a state prisoner appearing *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  Morales is currently in the custody of the New York Department of Correctional Services incarcerated at the Coxsackie Correctional facility.  Respondent has answered; Morales has failed to timely reply.

I.  BACKGROUND/PRIOR PROCEEDINGS

    Morales was convicted, after a jury trial, in the Rensselaer County Court of one count each of Attempted Burglary in the First Degree (N.Y. Penal Law §§ 110.00/140.30(4)), Attempted Robbery in the First Degree (N.Y. Penal Law §§ 110.00/160.15(4)) and Criminal Possession of a Controlled Substance in the Fourth Degree (N.Y. Penal Law § 220.09(1)).  The Rensselaer County Court sentenced Morales to a definite prison term of 15 years, plus 5 years post-release supervision, for the attempted burglary and robbery counts, and an indeterminate term of from 5 to 15 years for the drug possession count.  All sentences were ordered to run concurrently.

    Morales timely appealed his conviction to the Appellate Division, Third Department, which affirmed his conviction, and the New York Court of Appeals denied leave to appeal on

---

[1] William Lape, Superintendent, Coxsackie Correctional Facility, is substituted for Superintendent, Clinton Correctional Facility.  Fed. R. Civ. P. 25(d).

May 7, 2007.[2]  Morales timely filed his petition in this Court on August 6, 2007, and his amended petition on September 19, 2007.

## II.  ISSUES RAISED/DEFENSES

In his amended petition Morales raises two issues:  (1) error in refusing to include a lesser-included offense instruction; and (2) the sentence imposed was unduly harsh and excessive.  Respondent contends that Morales' claims are unexhausted.  Respondent raises no other affirmative defense.[3]

## III.  STANDARD OF REVIEW

Because Morales filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[5]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6]  When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect or erroneous."[7]  The Supreme

---

[2] *People v. Morales*, 827 N.Y.S.2d 334 (App. Div.), *lv. denied*, 869 N.E.2d 667 (N.Y. 2007).

[3] *See* Rules—Section 2254 Cases, Rule 5(b).

[4] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[5] *Williams*, 529 U.S. at 412.

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks omitted).

Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[8] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[9]

In applying this standard, this Court reviews the last reasoned decision by the state court.[10] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[11]

To the extent that Morales raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.[12] A federal court must accept that state courts correctly applied state laws.[13] A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[14] A federal court may not issue a habeas writ based upon a perceived error of state law unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[15]

---

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[9] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[10] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

[11] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[12] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[13] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[14] *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002).

[15] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

IV.  DISCUSSION

Ground 1:  Failure to Include Lesser-Included Offense Instruction.

Morales contends that the Rensselaer County Court erred in not giving a lesser-included charge of attempted burglary in the second degree in addition to the first-degree attempted burglary charge and a charge of attempted robbery in the second degree in addition to the first-degree attempted robbery charge.  The Appellate Division rejected Morales' argument, holding:

> We turn first to defendant's contention that he was entitled to charges of the lesser included offense of attempted burglary in the second degree regarding the charged count of attempted burglary in the first degree, and attempted robbery in the second degree for the charged count of attempted robbery in the first degree.  A defendant is entitled to a lesser-included offense charge upon showing, first, that it is impossible to commit the greater crime without committing the lesser and, second, that a reasonable view of the evidence supports a finding that defendant committed the lesser but not the greater offense.  The People do not argue that the first element necessary for a lesser included offense was not satisfied and review of the relevant statutes confirms that element is met here.  Resolution of the issue as to each requested charge thus turns on the second element.
>
> The difference between attempted robbery in the first degree under Penal Law § 160.15(4) and attempted robbery in the second degree under Penal Law § 160.10(2)(b) turns on whether defendant presented proof of the affirmative defense that the rifle was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged.  Stated another way, [t]o establish the crime of robbery in the first degree, the People needed only to show that defendant displayed what *appeared* to be a [rifle] and the affirmative defense comes into play only if defendant offers pertinent evidence.  Here, defendant and his accomplices had a rifle when they entered the stairway, defendant had the rifle while attempting to enter the apartment in the building, and defendant was arrested with the loaded rifle.  Although the People did not prove the rifle was operable and, indeed, were precluded from producing such proof by a prior order in the case, this was not an element upon which they had the burden of proof.  Since defendant failed to offer any evidence at trial to support a viable affirmative defense regarding whether the rifle was operable, County Court was not required to charge the lesser offense.
>
> Defendant asserts that there is a reasonable view of the evidence that he attempted to burglarize a building, not a dwelling, and thus should have received the charge for attempted burglary in the second degree.  We cannot agree.  The attempted burglary charge of which defendant was convicted dealt with his unsuccessful efforts to enter the victim's second floor apartment.  The parties related at the charging conference (and the record reveals) that the alleged crimes (and proof at

trial) were not with regard to the entire building, but as to the specific apartment unit. The evidence established that the victims had lived in that apartment for many months and there is no reasonable view of the evidence supporting the conclusion that the apartment was only a "building" and not a "dwelling."

Although the Supreme Court has determined that in capital cases a judge must charge the jury on lesser-included noncapital offenses where the evidence warrants such a charge,[16] it has expressly reserved the question whether due process requires a lesser-included offense instruction in a noncapital case.[17] In *Jackson v. Edwards*,[18] the Second Circuit affirmed the grant of a writ of habeas corpus under § 2254 in a case in which the trial court declined to give a justification instruction. The Second Circuit laid down a three-part test that a habeas petitioner must satisfy in order to prevail in a case where the state court fails to give a requested instruction. First, was the instruction required under state (New York) law? Second, if so, did the failure to give the instruction result in the denial of due process? Third, if so, did the state court's conclusion constitute an unreasonable application of clearly established Supreme Court law?[19]

In this case, Morales fails the first question. Under New York law, the jury may be instructed on a lesser-included offense only if, under any reasonable view of the evidence as seen in the light most favorable to defendant, a jury could find that the defendant committed the lesser offense but not the greater offense.[20] The Appellate Division found that, viewing the evidence most favorable to him, Morales burglarized an apartment, a dwelling not a building, an element that prevented a jury from finding him guilty of second-degree burglary, but guilty of first-degree burglary under New York law. On the attempted robbery charge, the Appellate Division, again viewing the evidence most favorably to Morales, found that Morales had not established that the rifle used in the robbery was inoperable, an element necessary to reduce the level of the offense from first-degree to second-degree robbery under New York law. Under AEDPA deference,

---

[16] *See Beck v. Alabama,* 447 U.S. 625, 627 (1980).

[17] *Id.* at 638 n.14.

[18] 404 F.3d 612 (2d Cir. 2005).

[19] *Jackson*, 404 F.3d at 621, citing *Davis v. Strack*, 270 F.3d 111, 124 (2d Cir. 2001).

[20] N.Y. Crim. Proc. Law § 300.50[1]; *People v. Randolph,* 613 N.E.2d 536 (N.Y. 1993).

these findings stand unless refuted by clear and convincing evidence.[21]  A hurdle Morales has failed to clear.

The New York rule is similar to and consistent with the federal rule regarding the necessity for lesser-included offense instructions.  To be entitled to a lesser-included offense instruction, a defendant must satisfy the "independent prerequisite . . . that the evidence at trial . . . be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater."[22]

The Court cannot say that in this case the decision of the Appellate Division that Morales was not entitled to a lesser-included offense instruction was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[23]  Nor can this Court find that the Appellate Division unreasonably applied the correct legal principle to the facts of the Morales' case within the scope of *Andrade–Williams–Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Morales is not entitled to relief on his first ground.[24]

Ground 2:  Sentence Harsh and Excessive.

Morales argues:  (1) the sentence he received was significantly longer than the sentence he was offered as part of an unaccepted plea agreement, thereby punishing him for going to trial; (2) inadequate consideration of his past history; (3) inadequate consideration of the impact of his serious substance abuse problem; (4) the inconclusive nature of the evidence that he was the person who was armed; and (5) inadequate consideration of the character of the victims involved

---

[21] 28 U.S.C. § 2254(e)(1).

[22] *Schmuck v. United States*, 489 U.S. 705, 716 n.8 (1989), citing *Keeble v. United States*, 412 U.S. 205, 208 (1973).

[23] 28 U.S.C. § 2254(d).

[24] Although Respondent contends that Morales has not properly exhausted his state court remedies as to this ground, the Court need not reach that issue as it may deny the petition on the merits notwithstanding a failure to exhaust.  28 U.S.C. § 2254(b)(2).

in the underlying crime.[25]  On his direct appeal, The Appellate Division in rejecting Morales' arguments, held:[26]

> We find neither an abuse of discretion nor extraordinary circumstances meriting a reduction in defendant's sentence.  Although he received maximum sentences for the crimes of which he was convicted, they were all made to run concurrently despite the fact that the sentence for the controlled substance conviction could have been consecutive.

First, to the extent that Morales argues the sentence imposed was improper under state law, it is, as noted above, an issue of state law beyond the purview of this Court in a federal habeas proceeding.  Under extant controlling Second Circuit precedent, no federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.[27]  Second, although Morales may have received a severe sentence and the Eighth Amendment prohibits sentences that are grossly disproportionate to the crime, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare."[28]  Balanced against the proportionality principle is the corollary principle that the determination of prison sentences is a legislative prerogative not within the province of the courts.[29]

Initially, the Court looks to *Rummel* and *Solem* for guidance.  In *Rummel*, the Supreme Court rejected the argument that a life sentence with possibility of parole upon conviction of obtaining $120.75 by false pretenses violated the Eighth Amendment where the defendant's criminal history consisted solely of the fraudulent use of a credit card to obtain $80 worth of goods and passing a forged check in the amount of $28.36.  In *Solem*, the Supreme Court found a sentence of life without possibility of parole upon conviction of uttering a no account check for

---

[25] In his petition before this Court, Morales, who is proceeding *pro se*, simply alleges that the sentence was harsh and excessive without elaboration or explanation of the basis for that conclusory statement.  The Court has, therefore, looked to Appellant's Brief filed in the Appellate Division on direct appeal to flesh out Morales' position.

[26] *Morales*, 827 N.Y.S.2d at 336.

[27] *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).

[28] *Solem v. Helm,* 463 U.S. 277, 289-90 (1983) (internal alterations and emphasis omitted).

[29] *Rummel v. Estelle*, 445 U.S. 263, 275–76 (1980).

$100 based on a criminal history of seven nonviolent felonies violated the Eighth Amendment. More recently, the Supreme Court upheld California's "three-strikes" law and affirmed a sentence of 25 years to life for felony grand theft.[30] This Court cannot say that in this case the sentence imposed was grossly disproportional and, therefore, that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[31] Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Andrade–Williams–Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. Morales is not entitled to relief on his second ground.[32]

## V. CONCLUSION AND ORDER

Morales is not entitled to relief on any ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[33] To the extent the issues raised in the petition were addressed by the Appellate Division, Fourth Department, no reasonable jurist could find that the decision was "objectively

---

[30] *Ewing v. California*, 538 U.S. 11 (2003). The plurality in *Ewing* did so by applying the "grossly disproportionate" approach. The two concurring justices (Scalia and Thomas) specifically rejected the proportionality test as unworkable. Interestingly, the four dissenters, while believing the three-strikes law violated the Eighth Amendment, embraced the proportionality approach. Thus, seven of the nine justices embraced the proportionality approach.

[31] 28 U.S.C. § 2254(d).

[32] Although Respondent contends that Morales has not properly exhausted his state court remedies as to this ground, the Court need not reach that issue as it may deny the petition on the merits notwithstanding a failure to exhaust. 28 U.S.C. § 2254(b)(2).

[33] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court is to enter final judgment accordingly.

Dated:  June 22, 2009.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge